United States District Court
Southern District of Texas
**ENTERED**
December 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONCEPCION CORONADO ACUNA, | § § | CIVIL ACTION NUMBER 4:25-cv-05359 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| WARDEN, *et al*, Respondents. | § § § | |

## ORDER

Petitioner Concepcion Coronado Acuña was born in Mexico and entered the United States without lawful permission over two decades ago. Dkts 1 at ¶34 & 1-1. She was recently taken into custody by Immigration and Customs Enforcement, where she currently remains. Dkt 1 at ¶¶ 35, 37. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus*, by which Petitioner challenges her detention without a bond hearing. Dkt 1. She asserts that she's entitled to a bond hearing under 8 USC §1226(a), which provides for discretionary detention during removal proceedings. See id at ¶¶38–40. Petitioner also contends that such detention violates federal bond regulations and her right to due process. Id at ¶41–48.

The Government filed a motion for summary judgment in response. Dkt 4. It contends that no detention hearing is required because Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 15–19.

Also pending is a motion for voluntary dismissal of the petition without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Petitioner there states her intention to seek a bond hearing with Respondents due to her purported membership in a class recently certified by the United States District Court for the Central District of California. See Dkt 7 at 2, citing *Bautista, et al v Santacruz, et al*, 5:25-cv-01873 (CD Cal, Nov 25, 2025), Dkt 82.

1. Motion for summary judgment

This action presents the same issue of textual interpretation recently addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex). Counsel for Petitioner was so advised and given opportunity to respond but hasn't done so. See Dkt 6 (minute entry for show cause hearing). The construction given 8 USC §§1225 and 1226 in that case thus controls here.

The related claim by Petitioner for violation of bond regulations is also foreclosed by this construction. Petitioner points to language in such regulations stating, "Despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." Inspection and Expedited Removal of Aliens, 62 Fed Reg 10312, 10323 (1997); see Dkt 1 at 15, citing same. To the extent that this or similar regulations contradict the plain text of 8 USC §1225(b)(2)(A), the statute governs because "a valid statute always prevails over a conflicting regulation." *Duarte v Mayorkas*, 27 F4th 1044, 1060 n 13 (5th Cir 2022) (citation omitted).

Petitioner's due process claim also fails. She contends that her detention without determination as to whether she is a flight risk or danger to the community itself violates due process. But the Supreme Court notes, "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore v Kim*,

538 US 510, 521 (2003), quoting *Mathews v Diaz*, 426 US 67, 79–80 (1976). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526. And Petitioner's citation to *Zadvydas v Davis* is unavailing, as there the Supreme Court explicitly distinguished *post*-removal-period detention (which has no obvious termination point, thus requiring a constitutional constraint on unbounded detention) from "detention pending a determination of removability." 533 US 678, 697 (2001). Further, Petitioner hasn't shown that her detention is approaching the six-month presumption in *Zadvydas*.

In so concluding, respectful acknowledgement is given to the seven other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case. Each has determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 4:25-cv-04332 (SD Tex, Oct 10, 2025) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 4:25-cv-03937 (SD Tex, Oct 27, 2025) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J); *Reyes-Lopez v Noem*, 4:25-cv-04629 (SD Tex, Nov 21, 2025) (Lake, J); *Espinoza Andres v Noem*, 4:25-cv-05128 (SD Tex, Dec 2, 2025) (Hittner, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that at least two cases from the Southern District of Texas are currently pending before the Fifth Circuit on this issue. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J); *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division).

3

Three are also pending from the Western District of Louisiana. See *Kostak v Trump*, 25-30620; *Ventura Martinez v Trump*, 25-30621; and *Lopez-Santos v Noem*, 25-30656. And a motion has been granted to consolidate certain aspects of two of these actions for expedited consideration. See *Buenrostro-Mendez v Bondi*, 25-20496, Dkt 30 (consolidating with *Covarrubias*, 25-40701, for briefing and oral argument purposes).

Were those the only points at issue between the parties, the motion for summary judgment would be granted and the petition for writ of *habeas corpus* would be dismissed on the merits. But the pending motion by Petitioner for voluntary dismissal complicates such resolution, as addressed next.

    2.  Motion for voluntary dismissal

Rule 41(a)(2) provides that, after a defendant has filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Fifth Circuit instructs that "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *United States ex rel Vaughn v United Biologics LLC*, 907 F3d 187, 196–97 (5th Cir 2018) (quotations omitted).

Petitioner seeks dismissal upon stated intention to seek a bond hearing in connection with a nationwide class recently certified by the United States District Court for the Central District of California. See Dkt 7 at 2. That class is stated as follows:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 USC §1226(c), §1225(b)(1), or §1231 at the time the Department of Homeland

>   Security makes an initial custody determination.

*Bautista, et al v Santacruz, et al*, 5:25-cv-01873 (CD Cal), Dkt 82 at 15. The order "extends the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." Id at 14.

*Bautista* proceeded from a petition for writ of *habeas corpus* essentially presenting the same issues summarized above. See id, Dkt 1. Petitioners there were found on summary judgment to be eligible for bond hearings under §1226(a), notwithstanding argument by the Government that they were subject to detention under §1225(b)(2)(a). See id, Dkt 81 at 17 (granting motion); see also id at 3 (noting request for release from detention unless afforded individualized bond hearing), 12 (noting Government position). It thus appears that such relief amounts to a declaration that the recent policy change by the Government—which now considers an "applicant for admission" to be anyone detained in the United States for being inadmissible—is itself unlawful. See id at 2–3. And it is this result that Petitioner apparently asserts here as now enforceable nationwide.

It is the undersigned's preliminary view that the referenced class-certification order far exceeds the jurisdiction of the district court issuing that order—if the relief sought by Petitioner is indeed what was intended by the *Bautista* court itself. For example, the Supreme Court recently made it very clear in these circumstances that, for core *habeas* petitions, "jurisdiction lies in only one district: the district of confinement." *Trump v J.G.G.*, 604 US 670, 672 (2025), quoting *Rumsfeld v Padilla*, 542 US 426, 443 (2004).

Also left unexplained in the pending motion for voluntary dismissal is whether and how action in the Southern District of Texas, where Petitioner is held, may or ought to be dismissed in favor of seeking relief under an order issuing from the Central District of California, where she is not. It would appear that Petitioner should instead

5

be seeking affirmative relief or reconsideration in *this* Court, arguing the putative dispositive authority of the *Bautista* summary judgment determination.

Regardless, this warrants response from the Government before decision, to which Petitioner is entitled to reply.

In such briefing, the parties should also state their position as to Rule 81(a)(4)(B) and its limitation on the ability to seek class relief in *habeas corpus* proceedings. See *AARP v Trump*, 605 US 91, 107–09 (2025) (Alito, J, dissenting) (noting lack of historical support for *habeas* class actions and observing "it is doubtful that class relief may be obtained in a *habeas* proceeding"); see also Lee Kovarsky & D. Theodore Rave, *Habeas Class Actions*, 139 HARVARD LAW REVIEW *55, (anticipating "series of *habeas* class actions filed in district courts around the country," rather than single, nationwide actions) (forthcoming 2026, as available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=5376344.

The motion for voluntary dismissal will thus be resolved on the merits once all briefing is closed.

### 3. Conclusion

The motion by the Government for summary judgment is TAKEN UNDER ADVISEMENT. Dkt 4. Ruling will issue upon resolution of the pending motion by Petitioner Concepcion Coronado Acuña for voluntary dismissal. Dkt 7.

The motion by Petitioner for voluntary dismissal is also TAKEN UNDER ADVISEMENT. Dkt 7.

The Government is ORDERED to file its response by December 12, 2025. Petitioner must file any reply by December 17, 2025.

It is also ORDERED that this matter is set for hearing on December 19, 2025, at 2:30 pm.

The parties or either of them may request a shortening of deadlines, if desired.

So ordered.

Signed on December 7, 2025, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge